UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-60403-Civ-SCOLA

LAURA ANN BERTRAND,
SHARON MAZZEO,
JOHN AUGUST LYONS,

        Plaintiffs,

v.

BAGEL MARKET, INC.,
PASQUALE LUCCI,

        Defendants.

_____/

## PLAINTIFFS' MOTION TO STRIKE PARAGRAPHS 21, 28, AND 29 OF DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiffs, Laura Ann Bertrand, Sharon Mazzeo, and John August Lyons, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(f), hereby files this motion strike paragraphs 21, 28, and 29 of Defendants' Affirmative Defenses and in support thereof states the following:

## INTRODUCTION

On May 9, 2013, Defendants filed their **Second Amended Answer and Affirmative Defenses of Defendants, Bagel Market, Inc. and Pasquale Lucci [DE 11]** (the "Answer"). Paragraphs 21, 28, and 29 of Defendants' Affirmative Defenses are (1) legally insufficient because they fail to provide Plaintiffs with notice of the grounds upon which they rest and (2) are not recognized affirmative defenses to actions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq. As such, Plaintiffs respectfully request that this Court enter an Order striking these affirmative defenses.

## <u>LAW</u>

### I.  <u>Standard for Striking Affirmative Defenses</u>

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." <u>Heller Financial, Inc. v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted).

> Federal Rule of Civil Procedure 12(f) authorizes this Court to strike defenses from a pleading which are insufficient as a matter of law. Those defenses which are insufficient as a matter of law should be stricken 'in order to avoid unnecessary time and money in litigating invalid and spurious issues.' <u>Anchor Hocking Corp. v. Jacksonville Elec. Auth.</u>, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

<u>Lafayette Corp., Ltd v. Bank of Boston Int'l South & Algemene Bank Nederland</u>, N.V., 723 F. Supp. 1461, 1466 (S.D. Fla. 1989).[1]

"[C]ourts have recognized that such motions may serve to hasten resolution of cases by eliminating the need for discovery, which in turn saves time and litigation expenses." <u>FDIC v. Modular Homes, Inc.</u>, 589 F.Supp. 117, 120 (D.N.J. 1994). "If the determination of invalidity can be made at an early stage it will enable the parties to proceed with the litigation in the proper posture." <u>Owens v. Unum Life ins. Co.</u>, 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003)(citation omitted).

Moreover, "affirmative defenses must meet the pleading requirements of Fed. R. Civ. P. (8)(a)." <u>Flasza v. TNT Holland Motor Express, Inc.</u>, 155 F.R.D. 612, 613 (N.D. Ill. 1994) (citing <u>Heller</u>, 883 F.2d at 1294). "Accordingly, affirmative defenses must set forth a 'short and plain statement' of the defense asserted." Id. (citing <u>Heller</u>, 883 F.2d at 1294; Fed. R. Civ. p. 8(a)). "If

---

[1] *See also* <u>Heller</u>, 883 F.2d at 1294 ("Midwhey places great reliance on the general rule that motions to strike are disfavored. … But where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay.")

an affirmative defense is insufficient on its face, or comprises no more than 'bare bones conclusory allegations,' it must be stricken." Id. at 613-14 (citing Heller, 883 F.2d at 1294-95). See also Modular Homes, Inc., 859 F. Supp. at 121 (citations omitted) ("Defenses that are 'nothing but bare bones conclusory allegations' can be stricken.")

      To satisfy Rule 8, each defense must be pled with sufficient detail to alert the plaintiffs of the conduct which the defense purports to challenge, and to allow the Court to test the legal merits of the defense. See Conley v. Gibson, 355 U.S. 41, 47 (1957) (pleading must provide the opposing party fair notice of what the legal claim embodied therein is, and of the grounds upon which it rests); Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, Moore's Federal Practice para. 8.13 at 8-118 (2 ed. 1984)) ("[S]ufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.")

## II.    Paragraphs 21, 28, and 29 of Defendants' Affirmative Defenses Fail to Provide Fair Notice or are Not Recognized in FLSA Cases

### A.  Paragraph 21 should be stricken

> 21.    Without admitting liability, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiffs by Defendants. The Defendants believe the Plaintiffs owe the Defendants money for benefits they received as well as for time for which Plaintiffs were paid, but did not work.

      Paragraph 21 of Defendants' Affirmative Defenses is improper and should be stricken because it fails to allege facts to support a permissible affirmative defense of offset. Provision 29 U.S.C. § 207(h) of the FLSA only allows certain credits pursuant to 29 U.S.C. § 207(e)(5-7), and none of these bases are pled. Thus, this affirmative defense is factually insufficient under Fed. R. Civ. P. 8 and the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal,

556 U.S. 662 (2009) because it is a bare-bones affirmative defense devoid of supporting facts such

as what specific money Defendants have paid that they are intending to claim as a set off. Not all

set-offs are permissible under the FLSA and this affirmative defense does not specify what specific

set-off it is intending to claim. The court in <u>Romero v. S. Waste Sys., LLC</u>, 619 F. Supp. 2d 1356

(S.D. Fla. 2009) found a similar set-off defense improper:

> The Tenth Affirmative Defense states that "Defendant is entitled to a credit/set-off for any compensation paid to Plaintiff to which he was not otherwise entitled to the extent such credits/set-off are permissible under the FLSA." Plaintiff claims that this defense is conclusory in that it fails to allege any facts in support of any sort of set-off. Certain set-off defenses are allowable under the FLSA. <u>Brennan v. Heard</u>, 491 F.2d 1, 4 (5th Cir.1974), for instance, permits district courts to apply a set-off where the set-off would not reduce a plaintiff's wages to an amount below the statutory minimum. Not all set-offs are permissible, however. This Court has previously ruled that "amounts loaned by an employer to an employee" "cannot be applied to offset unpaid wages [under the FLSA]." *Morrison*, 434 F.Supp.2d at 1322 (citing *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir.1983)). *See also Hutton v. Grumpie's Pizza & Subs, Inc.*, Case No. 07-81228-CIV-MIDDLEBROOKS, 2008 WL 1995091, *4 (S.D.Fla. May 7, 2008) (holding that a set-off defense for money employee allegedly stole from employer was inappropriate in FLSA). The Tenth Affirmative Defense does not state what, if any, compensation Plaintiff received to which he was not otherwise entitled, much less the nature of this compensation. The Tenth Affirmative Defense is stricken, but Defendant shall have leave to amend same.

<u>Id.</u> at 1359. Footnotes omitted.

### B.  Paragraph 28 should be stricken

> 28.     Plaintiffs' claims are barred to the extent that the Defendants did not know, and should not have reasonably known, that overtime was worked by the Plaintiffs, to the extent that any overtime or non-scheduled hours were worked.

Paragraph 28 of Defendants' Affirmative Defenses is improper and should be stricken because it is asserting the affirmative defense of estoppel which is not recognized in FLSA cases except in very limited circumstances that are not pled in paragraph 28:

> [A]n employee cannot be estopped from claiming overtime compensation by failing to keep accurate records because such a result would contravene the legislative intent of the FLSA. … Accordingly, to the extent that Defendant claims Plaintiff failed to submit accurate time records or failed to follow its policies and procedures, such allegations do not, as a matter of law, give rise to an estoppel defense to an FLSA claim.
>
> There is, however, one very narrow exception to the principle that estoppel is not an available defense in an FLSA action. On facts limited to that case, the Fifth Circuit in *Brumbelow v. Quality Mills, Inc.*[14] affirmed the entry of a directed verdict by the trial court in favor of the employer and against the employee where the employee committed an intentional fraud upon his employer by intentionally falsifying his overtime records and the employer had no reason to believe the data was false. That is not what Defendant has alleged here.
>
> Conspicuously absent from Defendant's Sixth affirmative defense is any mention or suggestion that the Plaintiff committed fraud by intentionally submitting false data to the Defendant, without the Defendant's knowledge. Even interpreting the defense liberally, as the Court must under Rule 8(a), there are no allegations in Defendant's Sixth Affirmative Defense that Plaintiff engaged in the narrow type of conduct proscribed in *Brumbelow*. Indeed, the mere fact that overtime is under reported on the time records is insufficient to defeat an FLSA claim because, the *employer* carries the burden to keep accurate records, and can be charged with actual or constructive knowledge of an employee's hours when a reasonable investigation would have revealed that the records were inaccurate.

> Accordingly, as pled, the defense of estoppel cannot be raised, as a matter of law, and therefore, Defendant's Sixth Affirmative Defense is due to be stricken.

Kendrick v. Alternative Care, Inc., 5:06-CV-235-OC-10GRJ, 2006 WL 4756451 (M.D. Fla. Oct. 25, 2006) (Footnotes omitted.)

### C.  Paragraph 29 should be stricken

> 29.    Without admitting any liability, Defendants are entitled to a set-off.  The Defendants believe the Plaintiffs owe the Defendants money for benefits they received as well as for time for which Plaintiffs were paid, but did not work.

Paragraph 29 of Defendants' Affirmative Defenses is improper and should be stricken because it is factually insufficient under Fed. R. Civ. P. 8 and the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) because it is a bare-bones allegation devoid of supporting facts such as what specific money Defendants have paid that they are intending to claim as a set off. Not all set-offs are permissible under the FLSA and this affirmative defense does not specify what specific set-off it is intending to claim. The court in Romero v. S. Waste Sys., LLC, 619 F. Supp. 2d 1356 (S.D. Fla. 2009) found a similar set-off defense improper:

> The Tenth Affirmative Defense states that "Defendant is entitled to a credit/set-off for any compensation paid to Plaintiff to which he was not otherwise entitled to the extent such credits/set-off are permissible under the FLSA." Plaintiff claims that this defense is conclusory in that it fails to allege any facts in support of any sort of set-off. Certain set-off defenses are allowable under the FLSA. Brennan v. Heard, 491 F.2d 1, 4 (5th Cir.1974), for instance, permits district courts to apply a set-off where the set-off would not reduce a plaintiff's wages to an amount below the statutory minimum. Not all set-offs are permissible, however. This Court has previously ruled that "amounts loaned by an employer to an employee" "cannot be applied to offset unpaid wages [under the FLSA]." Morrison, 434 F.Supp.2d at 1322 (citing Donovan v. Pointon, 717 F.2d 1320, 1323 (10th Cir.1983)). See also Hutton v. Grumpie's Pizza & Subs, Inc.,

Case No. 07-81228-CIV-MIDDLEBROOKS, 2008 WL 1995091, *4 (S.D.Fla. May 7, 2008) (holding that a set-off defense for money employee allegedly stole from employer was inappropriate in FLSA). The Tenth Affirmative Defense does not state what, if any, compensation Plaintiff received to which he was not otherwise entitled, much less the nature of this compensation. The Tenth Affirmative Defense is stricken, but Defendant shall have leave to amend same.

Id. at 1359. Footnotes omitted.

## CERTIFICATE OF CONFERRAL

On April 25, 2013, Plaintiffs' counsel sent Defendants' counsel a detailed letter explaining the deficiencies in Defendants' Amended Answer and Affirmative Defenses [DE 10]. On May 9, 2013, Defendants' counsel filed a Second Amended Answer and Affirmative Defenses that still contained deficiencies. The undersigned, therefore, files this motion.

WHEREFORE, Plaintiffs respectfully request that the Court strike paragraphs 21, 28, and 29 of Defendants' Affirmative Defenses [DE 11].

Respectfully submitted,

Koz Law, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791

## <u>CERTIFICATE OF SERVICE</u>

   I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on May 28, 2013 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

## <u>SERVICE LIST</u>

Peter J. Bober, Esq.
Samara Robbins Bober, Esq.
Bober & Bober, P.A.
*Attorneys for Defendants*
1930 Tyler Street
Hollywood, FL 33020
Tel: (954) 922-2298
Fax: (954) 922-5455
Email: peter@boberlaw.com, samara@boberlaw.com


_____
Elliot Kozolchyk